## CALVIN STONE *v.* STATE OF MARYLAND

[No. 1198, September Term, 1978.]

*Decided September 10, 1979.*

The cause was argued before MOORE, MASON and LISS, JJ.

*Martha Weisheit, Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant.

*Ray E. Stokes, Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General, Warren B. Duckett, Jr., State's Attorney for Anne Arundel County,* and *William D. Roessler, Assistant State's Attorney for Anne Arundel County,* on the brief, for appellee.

MASON, J., delivered the opinion of the Court.

In this case we are concerned with whether a term of imprisonment can be validly imposed as a condition of probation.

On October 25, 1976, Calvin Stone, appellant, entered a plea of guilty in the Circuit Court for Anne Arundel County to the crime of robbery. He was sentenced to a term of five years imprisonment; the sentence was suspended, and appellant was placed on supervisory probation for five years and ordered to make restitution and pay court costs. On December 23, 1977, appellant was found guilty of violating the terms of his probation and the previously imposed five year sentence was reinstated. Appellant appeared before Judge Childs on March 15, 1978, for a sentence modification hearing. At this time the court issued the following "Order of Probation" which provided, among other things, that:

> "The execution of the sentence of five years from December 23, 1977 has been suspended, . . . and the defendant is hereby released on probation under the supervision of the Maryland Division of Parole and Probation for a period of five years effective this 15th day of March, 1978 subject to the following conditions:

> * * *

> "18 months to be served at the Anne Arundel County Detention Center on a live-in, work-out basis, concurrent with any other sentence now serving."

Thereafter, appellant was released from the custody of the Commissioner of Corrections and committed to the jurisdiction of the Warden of the Anne Arundel County Detention Center. On October 6, 1978, appellant was convicted of escape from the Anne Arundel County Detention Center. He appeared before Judge Thieme on October 30, 1978, and was found guilty of violating the terms of his probation, including the special condition that he serve eighteen months at the Anne Arundel County Detention Center on a live-in, work-out basis. Thereupon, appellant's original five year sentence was reinstated with credit for time served at the detention center.

Ignoring the order of probation and relying on a handwritten notation on the criminal hearing sheet which said:

> "5 years sentence imposed on 12/23/77 suspended with exception of 18 months. Suspended portion of sentence to be subject to supervised probation. Imprisonment concurrent to any sentence now being served. Restitution of $1697.94 to be paid in such increments as agreed upon by Department of Parole and Probation. Defendant to be on work-release from Anne Arundel County Detention Center,"

appellant argues, in effect, that the trial court lacked jurisdiction to find him guilty of violating the terms of his probation because he was not on probation, but was still serving the eighteen month sentence imposed on March 15, 1978. Stated another way, that until he had completed his eighteen month sentence at the Anne Arundel County Detention Center on a live-in, work-out basis, he was not on probation and, therefore, could not be found guilty of violating probation.

The State, in response to appellant's argument, merely stated in its brief:

> "The Order of Probation, signed by E. Mackall Childs, the hearing judge, imposed as a special condition of probation that appellant board at the

Detention Center for a period of 18 months commencing on March 15, 1978. Inasmuch as the record clearly reflects that appellant's probation commenced on March 15, 1978, and that serving the 18 months at the Detention Center was a condition of probation, appellant was clearly on probation when his probation was violated on October 30, 1978. The hearing judge, therefore, had the power to revoke that probation."

We, of course, are bound by the provisions and conditions contained in the order of probation and not the handwritten notation appearing on the criminal hearing sheet.

As we perceive it, the issue is whether the trial court could validly impose, as a special condition of probation, an eighteen month sentence to be served in the Anne Arundel County Detention Center on a live-in, work-out basis. Although this is an issue of first impression in this State, it has been considered in other jurisdictions and different results have been reached. Jurisdictions holding that imprisonment is a valid condition of probation have generally relied on express statutory authority permitting such action. For example, *see State v. Iverson,* 269 N.W.2d 390 (S.D. 1978); *State v. Davis,* 119 Ariz. 126, 592 P.2d 175 (1978); *State v. Gloudemans,* 73 Wis. 2d 514, 243 N.W.2d 222 (1976); *State v. Jones,* 327 So. 2d 18 (Fla. 1976); *Prue v. State,* 63 Wis. 2d 109, 216 N.W.2d 43 (1974); *In Re: Williams Petition,* 399 P.2d 732 (Mont. 1965).

On the other hand, jurisdictions holding that imprisonment is not a valid condition of probation generally rely on the lack of express statutory authority permitting such action.

In *State v. Nuss,* 190 Neb. 755, 212 N.W.2d 565 (1973) the defendant pleaded guilty to a charge of burglary and was placed on probation for a period of three years. One of the conditions of probation required that he serve 14 days in the county jail. The trial court, in explaining the reason he was sentencing the defendant to a term of imprisonment as a condition of probation indicated that he wanted the defendant to get a pretty good idea of what imprisonment was like; how frustrating, useless and degrading it is; and to reflect upon

what a three to five or ten year sentence would mean. The Supreme Court of Nebraska held:

"Although the trial court's motivation was admirable, imprisonment as a condition of probation must rest on statutory authority.

"Traditionally probation has been an alternative to imprisonment and the two sentencing alternatives have been treated as mutually exclusive in the absence of statute. An examination of the Nebraska statutes demonstrates that although the legislature has now provided for some conditions of probation which is offering alternatives other than imprisonment or traditional probation, it has not authorized combining imprisonment and probation in the same sentence." 212 N.W.2d at 567.

In *State v. Evans,* 512 P.2d 1225, 109 Ariz. 491 (1973) the defendant was found guilty of assault with intent to commit robbery, and was sentenced to ten years probation, conditioned upon serving eight to ten years in the state prison. The Supreme Court of Arizona, in holding that the trial court had no statutory authority for imposing an eight to ten year prison sentence as a condition for probation, said:

"In *State v. Van Meter,* 7 Ariz. App. 422, 440 P.2d 58 (1968), a similar conditional probation was ordered. There the defendant was placed on probation conditioned upon his serving four months in county jail. The court said:

'The incarceration of a person in the county jail is the passing of a sentence and not the suspension thereof. The fact that the court terms it as a condition of probation does not render it any the less a sentence of imprisonment. No authority existing for the dual sentence imposed, it is illegal and must be set aside. 7 Ariz. App. at 428, 440 P. 2d at 64.' " 512 P.2d at 1228.

See also People v. Ledford, 477 P.2d 374 (Colo. 1970). In that case the defendant was convicted of driving while under the influence of intoxicating liquor. His application for probation was granted, and as one of the conditions of probation he was ordered to serve ninety days in the county jail. On appeal, the Supreme Court of Colorado, in holding that the county court did not have authority or power to impose a jail sentence as a condition of probation, said:

"When an accused is granted probation, he is also granted his liberty and freedom from confinement in a jail or penitentiary. Unless there is specific statutory authority to the contrary, a trial court may not on the one hand grant probation and on the other hand impose institutional confinement or a jail sentence as a condition of that probation. Trial courts have a wide discretion in imposing certain conditions upon a probationer, but not included within its discretionary power is the authority to impose jail confinement as a condition."

Of like import see Boyne v. State, 586 P.2d 1250 (Alaska, 1978); State v. Harris, 251 N.W.2d 483 (Iowa, 1977); State v. Marshall, 247 N.E.2d 484 (S.D. 1976).

The statutory provisions granting trial judges of this State discretion to suspend sentences or parts thereof and place defendants on probation is derived from Article 27, sections 639 and 641A of the Maryland Code.

Section 639, in part, provides:

"The courts may suspend sentence generally or for a definite time, and may make such orders and impose such terms as to costs, recognizance for appearance, or matters relating to the residence or conduct of the convicts as may be deemed proper . . . ."

Section 641A, in part, provides:

"Upon entering a judgment of conviction, the court having jurisdiction, may suspend the imposition or execution of sentence and place the

defendant on probation upon such terms and conditions as the courts deem proper. *The court may impose a sentence for a specified period and provide that a lesser period be served in confinement, suspend the remainder of the sentence and grant probation for a period longer than the sentence but not in excess of five years."* (Emphasis supplied).

Although the above statutes give the trial judges a broad grant of discretionary authority to place defendants on probation "upon such terms and conditions as the court deems proper", its power to impose conditions of probation is not unlimited. In *Kelly v. State,* 151 Md. 87, 133 A. 899 (1926) the trial court suspended the sentence of the defendant in a bastardy proceeding and ordered him to pay the sum of ten dollars monthly. In reversing this order the Court of Appeals held that "the imposition of the fine or penalty of ten dollars monthly was not a suspension of sentence within the meaning of the law, but the imposition of a sentence. . . ." *Id.* at 100. In *Bird v. State,* 231 Md. 432, 190 A.2d 804 (1963) the defendant was convicted of assault with intent to murder and was sentenced to a term of not more than ten years. The trial court suspended the sentence on condition that "she leave and go back to Puerto Rico . . . and remain there for at least [a] ten year period." *Id.* at 434. In remanding the case for a proper sentence, the Court of Appeals held that banishment from the United States to Puerto Rico, imposed as a condition to the suspension of the ten year sentence, was beyond the power of the trial court and void. *See also Laurie v. State,* 29 Md. App. 609, 349 A.2d 276 (1976), *Haynes v. State,* 26 Md. App. 43, 337 A.2d 130 (1975), and *Watson v. State,* 17 Md. App. 263, 301 A.2d 26 (1973) where this court held that the conditions of probation imposed were beyond the authority of the trial court.

Because the Court of Appeals and this court in the above cited cases have held, in effect, that the authority to impose conditions of probation is not unlimited, we conclude that in the absence of express statutory authority, confinement in a jail-type institution, such as the Anne Arundel County Detention Center, is not an authorized condition of probation.

Probation by its very nature implies the absence of incarceration. In fact, Article 41, section 107 f of the Code defines probation as "the conditional exemption from imprisonment allowed any person by suspension of sentence in the circuit court for any county of this State or in the Criminal Court of Baltimore."

While we recognize that incarceration as a condition of probation might be beneficial in some cases, we believe that "this policy and the limits which should be placed upon it are matters properly for the legislature to consider and not for this court to attempt to read into the present statute[s]." *Ledford, supra,* 477 P.2d at 376.

Accordingly, we hold that the special condition of probation imposed in this case, *i.e.,* "18 months to be served at the Anne Arundel County Detention Center on a live-in, work-out basis, concurrent with any other sentence now serving" was beyond the power of the trial court and void.

In *Finnegan v. State,* 4 Md. App. 396 (1968) this court said: "The validity of conditions of probation as set forth in the original sentence may be determined on appeal from the original judgment, *Bird v. State,* 231 Md. 432, 437-438, but not on appeal from revocation of probation, because to do so would, in effect, permit a circumvention of Md. Rule 1012, which requires an appeal to be taken in thirty days." *Accord Coleman v. State,* 231 Md. 220, 189 A.2d 616 (1963).

Because the instant case is not an appeal from the original judgment but an appeal from the revocation of probation, appellant, in view of *Finnegan, supra,* is entitled to no relief here. He is, however, not without a remedy. He may apply to the trial court for correction of an illegal sentence under Maryland Rule 774 a, or he may seek relief under the Uniform Post Conviction Procedure Act. *See Smith v. State,* 31 Md. App. 310, 356 A.2d 320 (1976).

Appellant also argues that the evidence was insufficient to show a violation of probation; that the conviction of violating probation violates the prohibition against double jeopardy; that the conviction of violating probation, based solely on hearsay evidence violates due process. These arguments are

without merit and can be disposed of briefly. With respect to the sufficiency of the evidence to show a violation of probation, appellant's escape from the Anne Arundel County Detention Center was ample evidence in and of itself to support his conviction.. Regarding the issues of double jeopardy and the denial of due process, neither issue was raised below. Therefore, they were not preserved for appellate review. Maryland Rule 1085.

*Judgment affirmed.*
*Costs to be paid by appellant.*