582 A.2d 586

**Patrick Anthony THOMAS**

v.

**STATE of Maryland.**

**No. 276, Sept. Term, 1990.**

Court of Special Appeals of Maryland.

Dec. 3, 1990.

Edward Smith, Jr. (Cummings and Smith, P.A., on the brief), Baltimore, for appellant.

Gwynn X. Kinsey, Jr., Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen. and Stuart O. Simms, State's Atty. for Baltimore City, on the brief), Baltimore, for appellee.

Argued before WILNER, C.J., and KARWACKI and ROSALYN B. BELL, JJ.

WILNER, Chief Justice.

Appellant was convicted in the Circuit Court for Baltimore City of battery and resisting arrest. The convictions arose from an altercation occurring when sheriff's deputies, eventually aided by the police, served an arrest warrant on appellant, charging him with failure to make support payments to his former wife. During the struggle, a deputy was stabbed with a ballpoint pen and a police officer was struck.

Appellant, a self-employed college graduate, had been released on bond prior to and during the trial. Upon rendition of the jury's verdicts, the court agreed to postpone sentencing pending receipt of a presentence investigation report and to allow appellant to remain free on bond. The judge warned him, however, that he was considering imposition of a "split sentence with a minimum sentence at Baltimore City Jail and supervised probation."

When the parties returned for disposition, the court was informed, to its obvious annoyance, that the presentence investigation report had not been completed, largely because appellant had been out of town visiting relatives and was unavailable to supply information to the investigator. The court nonetheless proceeded, first granting appellant's motion to merge the battery conviction into the conviction for resisting arrest and then considering an appropriate sentence. The prosecutor argued against the entry of probation before judgment, principally because some three to four years earlier appellant had received that disposition on another charge of resisting arrest.

Although the record does not establish this directly, it appears from some of the colloquy that the judge had had an off-the-record discussion with counsel regarding what he intended or desired to do with respect to sentence. It seems that, at that conference, the judge proposed two alternatives: (1) to hold the matter of sentencing *sub curia*

for 19 days, to revoke appellant's bond and commit him to the City Jail during that time, and, at the end of the 19 days, to enter a probation before judgment (PBJ) thus freeing him from both further incarceration and a criminal record, or (2) if appellant rejected that proposal, to impose a three-year jail sentence and suspend all but 10 days of it in lieu of probation. Finally, it appears that counsel had discussed these alternatives with appellant, who was reluctant to accept either because he did not want to spend any time in jail.

The colloquy in open court, which suggests this off-the-record discussion principally by inference, began with defense counsel pleading for probation before judgment, asserting that appellant wanted neither a criminal record nor incarceration. It ensued thusly:

"THE COURT: There's no use offering him probation before judgment, because the only way I will do that is let him—

MR. BERNSTEIN [Defense counsel]: You understand what the Judge is saying? He will offer you probation before judgment, but a requirement for that would be that you would have to spend time in the city jail and then the Court will offer you that, having given you basically a taste of the inside of an institution. Now, that offer has now been made by Judge Themelis. You've had an opportunity—I discussed it with you out in the hall, and you've heard the collo[q]uy that has taken place. Would you want to accept that?

THE DEFENDANT: No.

THE COURT: I impose a three-years sentence. I'm going to suspend all but thirty days of the sentence to Baltimore City Jail. Three years supervised probation. Immediately upon release, I'm going to order that he be—no drugs, no alcohol, submit to spot urine, submit to psychiatric and or psychological within sixty days, and treatment if needed.

MR. BERNSTEIN: Court's going to require him to spend thirty days?

THE COURT: Yes, sir—no, what did I say in chambers?

MR. BERNSTEIN: All but ten."

Following denial of appellant's request for an appeal bond and for reconsideration of the sentence, the court's proposal was explained once again for his benefit:

"MR. BERNSTEIN: The Judge said if you went to the City Jail today and came back to this court nineteen days from now, having spent a full nineteen days in the Baltimore City Jail, that he would strike the finding of guilty, grant you probation before judgment and you would then have the three years probation along with the special conditions for the counseling if needed and any treatment if needed. The alternative is that you are going to have a criminal record for the resisting arrest. Instead of not having any sentence floating over you, you will have a ten[t]ative sentence for three years and you'll be required to go to City Jail for ten days. Now, as the Judge indicated, you'll do five—

THE COURT: Five or six.

MR. BERNSTEIN: You will still have a right to appeal, because you will have a criminal record. So what it boils down to, if you are willing to spend an additional fourteen days in City Jail—because that's going to be the difference—that you can then have the benefit of probation before judgment, and that's the option that he's presented to you."

■ Upon appellant's continued rejection of the PBJ offer, the court formally imposed a sentence of three years in prison with all but 10 days suspended in lieu of probation. In this appeal, appellant raises the single issue of whether the court erred in "offering a probation before judgment, in which a condition of acceptance, by the appellant was a period of incarceration." He claims, of course, that it did and asks that we remand with instructions to enter probation before judgment without that condition.

Probation is available as a sentencing alternative in four different settings. Under Md.Ann.Code, Art. 27, § 641(a), the court may, after a verdict of guilty and with the written consent of the defendant, "stay the entering of judgment, defer further proceedings, and place the person on probation" if it is satisfied that "the best interests of the person and the welfare of the people of the State would be served thereby...." If the defendant fulfills the terms of the probation, the court is directed to discharge him from the probation; that discharge "shall be without judgment of conviction and is not a conviction for purposes of any disqualification or disability imposed by law because of conviction of crime." § 641(c). This is the disposition commonly referred to as PBJ. A similar disposition is permissible in certain controlled dangerous substance cases under art. 27, § 292.

The other three contexts are provided for in § 641A(a) of art. 27. That section authorizes a court to (1) suspend *imposition* of sentence and place a defendant on probation, (2) impose a sentence but suspend execution of it in favor of probation, or (3) impose a sentence and suspend execution of a part of it in favor of probation. The third of these options is often referred to as a "split sentence." See, in general, *Hanson v. Hughes*, 52 Md.App. 246, 447 A.2d 892, aff'd, 294 Md. 599, 451 A.2d 664 (1982); also art. 27, § 639.

In *Stone v. State*, 43 Md.App. 329, 405 A.2d 345 (1979), we considered whether it was permissible for a court to implement a fifth alternative—to impose a sentence of incarceration, purport to suspend execution of all of it, and place the defendant on probation with one of the conditions being that the defendant serve 18 months in jail. In effect, this was an amalgamation of the second and third options allowed by § 641A(a), but the issue was cast as whether the court could validly require a defendant to serve time in jail as a condition of probation.

Observing that the issue was one of first impression in Maryland, we noted that different results had been reached in other States and that those results were largely the

product of statutory interpretation: "Jurisdictions holding that imprisonment is a valid condition of probation have generally relied on express statutory authority permitting such action.... On the other hand, jurisdictions holding that imprisonment is not a valid condition of probation generally rely on the lack of express statutory authority permitting such action." 43 Md.App. at 332, 405 A.2d 345. The trial court in *Stone* acted under § 641A(a), which authorizes courts to place the defendant on probation "upon such terms and conditions as the courts deem proper." That authority, we held, though broad, was not unlimited, and it did not encompass requiring incarceration. Our concluding comment, in this regard, was that

"[w]hile we recognize that incarceration as a condition of probation might be beneficial in some cases, we believe that 'this policy and the limits which should be placed upon it are matters properly for the legislature to consider and not for this court to attempt to read into the present statute[s].' "

*Id.* at 336, 405 A.2d 345, quoting in part from *People v. Ledford,* 173 Colo. 194, 477 P.2d 374, 376 (1970).

Although courts in other States remain split on this issue (*see* Annotation, *Propriety of Conditioning Probation on Defendant's Serving Part of Probationary Period in Jail or Prison,* 6 A.L.R.4th 446 (1981)), Maryland law remains firm in this regard. In *Maus v. State,* 311 Md. 85, 104, 532 A.2d 1066 (1987), the Court of Appeals, citing *Stone,* stated unequivocally that "a court cannot impose imprisonment as a condition of probation."

Apart from what we said in *Stone* and the blanket confirmation in *Maus,* there are two reasons why this rule remains intact, especially in the context of a probation—a PBJ—ordered pursuant to § 641. As noted, we concluded our discussion in *Stone* with an invitation to the Legislature to change the rule if it felt that courts should have this authority. In its 1989 session, the Legislature entertained a proposal to do so. Senate Bill 361, which the records of the Department of Legislative Reference reveal was prompted

by a desire on the part of a clerk in the District Court for Charles County to overturn *Stone*, would, in its first reader form, have amended all the sections of art. 27 allowing for probation, including § 641, to permit a court "to impose a sentence of confinement as a condition of probation." As enacted, however, the bill limited that authority to courts in Charles, St. Mary's, and Calvert Counties. 1989 Md. Laws, ch. 572; § 641(a)(i)(2). As to the other subdivisions of the State, the Legislature evidently was content to let the doctrine announced in *Stone* and confirmed in *Maus* remain intact.[1]

Additionally, unlike § 641A(a), § 641 does more than provide for "such terms and conditions as the court deems proper." It permits the court to impose "reasonable terms and conditions as appropriate" but goes on to specify that "[t]he terms and conditions may include ordering the person to pay a fine or pecuniary penalty to the State, or to make restitution" and "also may include any type of rehabilitation program or clinic, or similar program, or the parks program or voluntary hospital program." In light of this kind of specification of permissible conditions, including fines, the omission of incarceration as an allowable condition is all the more significant.

For all of these reasons, we hold that the offer made by the court was impermissible; it had no authority to condition a PBJ on the service of a term of incarceration, even though that incarceration technically was in the nature of pre-trial detention. Appellant cannot be faulted for rejecting that offer.

■ This leaves us with the problem of how to remedy the error. In *Padgett v. State*, 319 Md. 74, 570 A.2d 1226 (1990), the trial court initially indicated an inclination to enter a PBJ but then conditioned that disposition upon the immediate payment of a $1,000 fine. When the defendant

---

1. We express no opinion as to the Constitutionality of such a limited provision. That issue was neither raised nor argued before us and need not be resolved in this appeal.

informed the court that he was unable to make immediate payment, the court withdrew that option and imposed a six-month sentence, which it suspended. The Court of Appeals found that reaction to be "fundamentally unfair," vacated the sentence, and directed that PBJ be entered. We think that a similar disposition is appropriate here. Appellant, unfortunately, has already served his jail time, and so, in the end, the judge got essentially what he wanted. But it wasn't right and we do not expect to see a recurrence of it. Sections 641 and 641A give the court ample flexibility in sentencing; there is no need for it to invent new options unauthorized by the Legislature and rejected by the appellate courts.[2]

SENTENCE VACATED; CASE REMANDED TO CIRCUIT COURT FOR BALTIMORE CITY WITH DIRECTION TO ENTER JUDGMENT IN ACCORD WITH THIS OPINION; MAYOR AND CITY COUNCIL OF BALTIMORE TO PAY THE COSTS.

---

**2.** Nothing in this opinion is intended, or shall be taken, to preclude the proper exercise of the court's revisory power over a sentence pursuant to Md. Rule 4–345.