587 A.2d 522

**Michael F. FLAHERTY**

v.

**STATE of Maryland.**

**No. 107, Sept. Term, 1989.**

Court of Appeals of Maryland.

March 27, 1991.

**358**

Michael F. Flaherty, Waldorf, for petitioner.

Thomas K. Clancy, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), Baltimore, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, COLE,* RODOWSKY, McAULIFFE, ADKINS ** and CHASANOW, JJ.

McAULIFFE, Judge.

On 13 September 1987, Michael Francis Flaherty was charged with operating a motor vehicle while intoxicated, and with negligent driving. Flaherty retained counsel, and on 14 April 1988, in the District Court of Maryland sitting in Charles County, he entered a plea of guilty to a lesser included charge of driving while under the influence of alcohol. The plea was pursuant to a plea bargain by which the State agreed not to proceed on the charge of driving while intoxicated, or on the charge of negligent driving.

Judge Robert C. Nalley questioned the defendant to be certain the plea was knowingly and voluntarily entered, received a proffer of facts from the Assistant State's Attorney, and accepted the plea. After hearing from Flaherty and his attorney on the question of disposition, the District Court judge offered the defendant two choices. He said, under one option, that he would sentence the defendant to a term of imprisonment; suspend the sentence in favor of probation with a special condition that the defendant not operate a motor vehicle for 60 days; impose a fine; and,

---

* Cole, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

** Adkins, J., now retired, participated in the hearing and conference of this case while an active member of this Court but did not participate in the decision and adoption of this opinion.

require the defendant to attend an alcohol education program. Under the other option, the judge said he would grant the defendant probation before judgment[1] with no restriction on his driving, impose a fine, and require the defendant to attend an alcohol education program. The judge further explained, however, that as a "precondition" to obtaining the second option, the defendant had to agree to imprisonment for two or three days.[2]

Flaherty preferred probation without verdict, and said he would serve the required period of imprisonment over a weekend. The judge granted probation before judgment, and ordered a two year period of probation to begin at 7:00 p.m. on 25 April. He imposed a fine of $295 and costs, and required that the defendant attend an alcohol education program. He said that as a "precondition of probation"[3] the defendant would be required to surrender to the custody of the sheriff from 7:00 p.m. on 22 April until 7:00 p.m. on 25 April.

Judge Nalley completed a written order for probation pursuant to Art. 27, § 641, which set forth the conditions of a two year unsupervised probation as: 1) pay costs of $5; 2) pay a fine of $295; and, 3) attend and satisfactorily complete D.W.I. clinic. The defendant signed the bottom of the

---

1. Article 27, § 641, Maryland Code (1957, 1987 Repl. Vol., (1990 Cum.Supp.) permits a trial judge, under certain circumstances, to stay the entry of a judgment of conviction and place a defendant on probation. Upon successful completion of the probation, the defendant is discharged without a conviction.

2. The judge said if the defendant wished to serve his time over a weekend, the requirement was three days; otherwise, two days would suffice.

3. The transcript prepared from the electronic recording of proceedings in the District Court reports the judge to have referred to "the three conditions of probation...." Because the District Court judge in later proceedings adamantly denied having imposed incarceration as a condition to probation and insisted he had specifically referred to the incarceration as a "precondition," and because the statement as transcribed does not fit the context of surrounding statements, we have listened to the same recording. Judge Nalley is correct in his recollection of what was said.

order, acknowledging the conditions, agreeing to the disposition, and waiving his right to appeal. The probation order contained no reference to a requirement of imprisonment.

To provide a mechanism for the defendant's imprisonment, the judge completed and signed an "Order of Court and Bail Review." This order stated that the judge had reviewed the bail set by the commissioner, and that "[b]ail is hereby revoked effective 7:00 p.m. Friday, April 22, 1988." The order further provided, in a section reserved for specific conditions of pretrial release, that "the defendant shall serve 72 hours in the Charles County Detention Center from 7:00 p.m. Friday, April 22, 1988, through 7:00 p.m. Monday, April 25, 1988."

After the hearing, Flaherty, acting out of what he described as an obsessive fear of incarceration, initiated his own legal research into the legality of the proceedings. Persuaded by his reading of *Stone v. State*, 43 Md.App. 329, 405 A.2d 345 (1979), that the judge could not lawfully require imprisonment as a condition of probation, Flaherty, acting against the advice of his trial attorney, filed a petition for writ of habeas corpus with Judge Ernest A. Loveless, Jr. of the Circuit Court for Prince George's County. Judge Loveless received the petition on 18 April, and promptly referred it to Judge Richard J. Clark of the Circuit Court for Charles County. *See* Maryland Rule Z54. On 22 April, without holding a hearing, Judge Clark filed an opinion and order denying Flaherty's petition.

As one of the reasons for refusing to issue the writ, Judge Clark stated that on 20 April, Judge Nalley had signed an order rescinding his earlier revocation of Flaherty's bond. Accordingly, Judge Clark wrote, "Mr. Flaherty does not have to report to the Charles County Detention Center as set forth in that April 14, 1988, court order and therefore will not be incarcerated in connection with the District Court case."

We are not entirely certain how Judge Clark learned of Judge Nalley's order of 20 April. Flaherty tells us, how-

ever, that he talked by telephone with Judge Clark on 20 April to determine the status of his petition, and at that time Judge Clark told him that he, the State's Attorney, and Judge Nalley had discussed the petition earlier that day. Presumably, Judge Nalley entered the order removing the condition of incarceration as a result of his meeting with Judge Clark and the State's Attorney, and Judge Clark was promptly notified of that action. Subsequent comments of Judge Nalley tend to confirm that Flaherty's understanding of what transpired is essentially correct.

Flaherty did not learn of Judge Nalley's order, or of Judge Clark's disposition of his petition, prior to the time he was due to report to the detention center. Accordingly, on the evening of 22 April, Flaherty reported to the sheriff in order to comply with what he understood to be an outstanding order. The sheriff told Flaherty of Judge Nalley's order [4] and refused to admit Flaherty to jail.

On 20 April, Judge Nalley ordered the issuance of a subpoena for Flaherty, commanding his appearance in the District Court on 28 April "for sentencing." That subpoena was never served. On 28 April, Judge Nalley, observing that Flaherty "did not comply, I gather, with the condition subsequent to this probation order" ordered that an arrest warrant be issued for Flaherty. Flaherty was arrested on 29 April, and promptly released on personal recognizance for his appearance before Judge Nalley three days later.

On 2 May, Flaherty appeared without counsel. During an extended colloquy with Judge Nalley, Flaherty requested a postponement to allow him to obtain counsel.

MR. FLAHERTY: I would like to respectfully request at this time a delay in the proceedings so that I can retain counsel, because I understand the seriousness of the....

---

4. Judge Nalley's order stated:
   In the event ... Michael F. Flaherty appears at the jail for incarceration on Friday, April 22, 1988, at 7:00 p.m., he is *NOT* to be admitted as was previously ordered on April 14, 1988.... (Emphasis in original.)

THE COURT: Regarding what proceedings?

MR. FLAHERTY: Related to these proceedings, your Honor.

THE COURT: Now I've been delayed for ten days. Why couldn't the sheriff reach you the first time?

At another point in the proceedings, the defendant said, "I would like to exercise my right to retain counsel for this proceeding," but he immediately followed that statement with the request that he be allowed to proceed with a statement to the court. No specific ruling was made on the request for counsel, and the colloquy between Flaherty and Judge Nalley continued.

Judge Nalley stated that the requirement of incarceration was not a condition of probation, but a "precondition" to the grant of probation. He told the defendant that if he wanted the original disposition, he would have to go to jail; if he did not consent to jail, he would immediately be sentenced and there would be a judgment of conviction. Flaherty suggested that he had been sentenced, and believed that he was then on probation. The judge said the probation had never gone into effect because Flaherty had not satisfied the "precondition."

Flaherty then asked that Judge Nalley recuse himself from further proceedings in the case. Judge Nalley informed Flaherty that "[i]n order to do that, sir, it would be necessary to strike the plea of guilty and re-set the case for trial." Flaherty said he understood and persisted in his request. The judge struck the plea of guilty, recused himself, and established a date for trial of the original charge of driving while intoxicated.

On 4 August, the case was called for trial before Judge C. Clarke Raley. Flaherty, now represented by new counsel, moved for a dismissal on the ground that he had been convicted and sentenced by Judge Nalley, and that further proceedings would violate the Double Jeopardy Clause of the Constitution. Judge Raley denied the motion, and Flaherty noted an immediate appeal to the circuit court.

The appeal was heard by Judge Clark, who affirmed the denial of the motion, finding that Flaherty had "freely and voluntarily, knowingly and intelligently requested the court to strike his previously entered plea of guilty and reschedule the matter for trial." We granted Flaherty's petition for a writ of certiorari, and we reverse.

■ We do not agree with Judge Clark that Flaherty freely, voluntarily, knowingly, and intelligently requested that his guilty plea be stricken. Flaherty wanted Judge Nalley to disqualify himself. Judge Nalley informed Flaherty that he could not recuse himself unless Flaherty agreed to have the plea and finding of guilt stricken, and the matter set for trial on the original charges. That advice to the defendant was incorrect.

The plea bargain entered into between the State and the defendant did not involve sentencing. The plea had been properly tendered and accepted before Judge Nalley suggested sentencing options. Any problem Judge Nalley may have had with the defendant's conduct concerning the sentencing did not affect the validity of the plea. There simply was no reason why the defendant's request that the judge recuse himself could not have been acted upon without disturbing the plea. The defendant was without counsel, and he acted on incorrect advice of the judge. Accordingly, his decision was not freely, voluntarily, knowingly, and intelligently made.

We also agree with Flaherty that further proceedings in this case would violate his constitutional and common law right not to be twice placed in jeopardy for the same offense. As we have noted, Flaherty's plea of guilty was properly entered and accepted. Moreover, Flaherty had been sentenced pursuant to Art. 27, § 641 to two years unsupervised probation, on condition that he pay a fine and costs and attend a D.W.I. clinic.[5] His sentence did not

---

5. Flaherty promptly paid the fine and costs. He informed us at oral argument that he has successfully completed the alcohol education

include imprisonment. The trial judge could not, at that time,[6] have lawfully imposed a sentence of confinement as a condition of probation. *Maus v. State,* 311 Md. 85, 104, 532 A.2d 1066 (1987); *Stone v. State, supra,* 43 Md.App. at 336, 405 A.2d 345.

■ Judge Nalley's attempt to circumvent the law as it existed at that time by denominating the condition of imprisonment as a "precondition" was ineffective and invalid. There are times, of course, when a trial judge may properly refuse to release a defendant after verdict and pending sentencing, see Md. Rule 4–349, but this was not such a case. The judge did not defer sentencing in this case. Flaherty's sentence, which did not include any provision for imprisonment, had been imposed before Judge Nalley executed the order purporting to change the terms of bail. As Judge Clark observed in his order denying Flaherty's petition for a writ of habeas corpus, "[t]he revocation of the bail bond was simply a charade to avoid making the service of jail time in the detention center a written condition of probation...."

When Judge Nalley rescinded his order directing that Flaherty be imprisoned for three days, he effectively removed the only illegal portion of the sentence. Flaherty had lawfully and properly entered a guilty plea, which had been accepted by the court. The judge had granted Flaherty probation before judgment, and Flaherty had begun to satisfy the lawful conditions of his probation. The judge then struck the only unlawful portion of the sentence. Flaherty's later "withdrawal" of the guilty plea was ineffective for the reasons we have stated. Accordingly, as soon as Judge Nalley struck the invalid requirement for imprisonment, Flaherty's position was that of a defendant who

---

program, and has completed the two year probation period without incident.

6. Effective 1 July 1989, courts in Charles, St. Mary's, and Calvert Counties were permitted to impose a sentence of confinement as a condition of probation before judgment, Chapter 572, Acts of 1989.

had properly entered a plea of guilty pursuant to an agreement with the State, and who had received a lawful sentence which continued in effect.

■ The Double Jeopardy Clause of the Fifth Amendment protects, among other things, against a second prosecution for the same offense after conviction. *United States v. Halper*, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989); *Middleton v. State*, 318 Md. 749, 758–60, 569 A.2d 1276 (1990); *Randall Book Corp. v. State*, 316 Md. 315, 323, 558 A.2d 715 (1989). Striking the finding of guilt and subjecting Flaherty to a new trial would, under the circumstances of this case, violate the constitutional prohibition against placing Flaherty twice in jeopardy for the same offense.

■ The suggestion that Flaherty can now be resentenced presents somewhat different problems. The Fifth Amendment also affords protection against multiple punishments for the same offense. *Randall Book Corp. v. State*, *supra*. Moreover, this Court has held that a valid sentence, once pronounced, ordinarily may not be increased by the trial judge. *State v. Sayre*, 314 Md. 559, 565, 552 A.2d 553 (1989). There are, of course, occasions when a sentence must be vacated because one of the parties has breached a material term of a plea agreement. *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *Rojas v. State*, 52 Md.App. 440, 450 A.2d 490 (1982). But, we point out again, this problem did not arise from a breach of a plea agreement. The plea agreement between the State and the defendant was fully performed by both sides. The problem here arose from the imposition of a sentence offered by the trial judge and accepted by the defendant, which was accompanied by an illegal condition.

In *Rojas v. State, supra*, the Court of Special Appeals discussed the problem presented by a defendant's refusal to abide by an illegal condition of a plea bargain with the State.

**366**

Appellant breached his promise to leave the country, but the term of the plea agreement and probation order requiring his departure is unenforceable. The issue now is, what remedy should this Court provide when a material term of a sentence based upon a plea agreement is unenforceable? Should we vacate only the invalid part, leaving appellant with a suspended sentence, or should we vacate the entire sentence? We hold that when a material term of a sentence based upon a plea agreement is unenforceable, the appropriate remedy is to vacate the entire sentence and the corresponding plea agreement.
*Id.* at 443, 450 A.2d 490.

The intermediate appellate court's holding in *Rojas* was based upon a determination that Rojas had breached a material term of the agreement, which "constitute[d] an unfair derogation of the State's reasonable expectation that the public would be protected." *Id.* at 445, 450 A.2d 490. In so holding, the court noted that "[m]ere severance of an unenforceable sentence term such as banishment, is appropriate only when the remainder of the original sentence will adequately protect the public." *Id.*, citing *Rutherford v. Blankenship,* 468 F.Supp. 1357, 1361 (W.D.Va.1979).

██ We conclude that under the particular circumstances of this case, the proper remedy was that which was initially applied by the trial judge—the striking of the illegal condition. The condition was one that the trial judge fully appreciated should not have been applied in the first instance, and the remainder of the sentence appears adequate for the protection of the public. Though the defendant receives a small benefit from this disposition, we think it is, on balance, just. Because Judge Nalley has already stricken the illegal requirement for imprisonment, and because we find that the finding of guilt and the remaining sentence were incorrectly set aside, it follows that Flaherty's plea of former jeopardy is appropriate.

On remand, the circuit court should direct the District Court to reinstate the probation before judgment, and to

grant the defendant's motion to dismiss further proceedings.

JUDGMENT OF THE CIRCUIT COURT FOR CHARLES COUNTY REVERSED; CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION; COSTS TO BE PAID BY CHARLES COUNTY.