782 A.2d 383 (2001)
140 Md. App. 689
Leon Eugene TONEY
v.
STATE of Maryland.
No. 1786, Sept. Term, 2000.
Court of Special Appeals of Maryland.
September 27, 2001.
*384 George E. Burns, Jr., Asst. Public Defender (Stephen E. Harris, Public Defender on the brief), Baltimore, for appellant.
Devy P. Russell, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and Jack Johnson, State's Atty. for Prince George's County, Upper Marlboro, on the brief), for appellee.
Submitted Before HOLLANDER, SONNER, and ADKINS, JJ.
HOLLANDER, Judge.
In the Circuit Court for Prince George's County, Leon Eugene Toney, appellant, pled guilty to second degree assault. Thereafter, he was sentenced to a term of five years' incarceration; all but 18 months of the sentence was suspended. The court also gave Toney credit for 188 days of pre-trial incarceration. The sole issue in this appeal is whether, in sentencing appellant, the court erroneously failed to credit him with an additional 98 days that he served in pre-trial home detention.
Appellant was incarcerated before trial from August 18, 1999, until December 13, 1999, when he was granted pre-trial release. From December 13, 1999, until his sentencing on April 20, 2000, appellant was on pre-trial release in a home detention program. On May 26, 2000, after his sentencing, appellant filed a Motion to Correct Illegal Sentence, alleging that the court erred by failing to credit him with the 98 days that he spent in a pre-trial home *385 detention program. When the court denied the motion, appellant noted this appeal.

DISCUSSION
Maryland Code Ann. (1996 Repl. Vol., 2000 Supp.), Article 27, Section 638C(a), mandates that when an individual is in custody before trial and is subsequently convicted on the charge for which he or she was held, the time spent in custody prior to the imposition of sentence must be credited against the sentence imposed. The intent of the statute is to insure that a defendant receives as much credit as possible for time spent in custody, consistent with constitutional and practical considerations. See Dedo v. State, 343 Md. 2, 9, 680 A.2d 464 (1996); Fleeger v. State, 301 Md. 155, 160-165, 482 A.2d 490 (1984).
In support of his contention, appellant relies on Dedo. There, the Court of Appeals held that a defendant was entitled to credit for time spent before trial in a home detention program. The Court reasoned that the restraints placed upon the defendant were "sufficiently incarcerative" so that the effect was custodial, even though the defendant was not housed in a jail or prison. In reaching that conclusion, the Court focused on the following factors: The home detention contract characterized Dedo's confinement as incarceration; Dedo could have been charged with escape for any unexcused or unexplained absence from his home during curfew hours; he was subject to the control of the warden of the detention center and the home detention staff; any violation of home detention would have led to Dedo's immediate imprisonment; Dedo's movements and activities were electronically monitored; he was required to permit home detention staff to enter his home at any time; and Dedo was subject to alcohol restrictions and random drug and alcohol testing. Dedo, 343 Md. at 12-13, 680 A.2d 464.
Analogizing to Dedo, appellant argues that the conditions of his home detention were "sufficiently incarcerative" so as to merit custodial credit. Under the applicable "Conditions of Release," appellant was subject to "electronic monitoring," and he was not permitted to leave his residence without permission from his case manager. Further, appellant was required to have regular contact with a case manager at designated times. He was also obligated to notify the authorities if he changed his address, planned to leave the area, had further involvement with the criminal justice system, or received a continuance of his trial. Additionally, Toney was to report for drug testing and was precluded from contacting the victim. After the list of conditions, the following language appears:

WARNING: THE COURT REQUIRES U.S. TO SUBMIT A REPORT SETTING FORTH YOUR RECORD OF COMPLIANCE WITH THE ABOVE CONDITIONS OF PRETRIAL RELEASE. YOUR FAILURE TO COMPLY WITH THESE CONDITIONS MAY RESULT IN THE ISSUANCE OF A BENCH WARRANT FOR YOUR ARREST.
The State also cites Dedo, 343 Md. at 12, 680 A.2d 464, but argues that the conditions of release here were not "sufficiently incarcerative to satisfy the custody requirement of Art. 27, § 638C(a)." Rather, the State asserts that Dedo is distinguishable, for two reasons: 1) Unlike Dedo, appellant was not committed to the custody of the Prince George's County Detention Center. Instead, Toney was to be monitored by Pretrial Release Services for Prince George's County. 2) The document establishing the conditions of appellant's home detention did not inform him that he *386 was subject to prosecution for escape for any unauthorized absence from his home. Rather, the form only advised appellant that a bench warrant could issue for a violation of the conditions of release.
We disagree with the State's position. We explain.
Dedo's commitment to the warden of the local detention center was significant because it confirmed that he was in the custody of that official. Although the Court of Appeals found that particular form of commitment incarcerative, it did not rule out that other forms of supervision might also be incarcerative. What mattered most was that Dedo was in the constructive custody of a public institution. Dedo, 343 Md. at 13-14, 680 A.2d 464.
In determining whether a defendant is in custody, the penalty for violating home detention is critical. In Dedo, 343 Md. at 13, 680 A.2d 464, the Court said:
[W]e believe that where an individual is punishable for escape for any unexcused absence from the place of confinement, his confinement is necessarily involuntary. Following his conviction, Dedo requested "any type of arrangement to assure that he comes back" for sentencing in order to allow him to receive medical treatment. We are not persuaded that Dedo's request signifies that the time he spent in home detention was voluntary. Cf. Lock[ v. State], 609 P.2d [539 ]at 545[ Alaska 1980] (defendant faced with choice between probation in residential treatment program and imprisonment can not be said to have voluntarily chosen condition of probation). Because Dedo could have been charged with escape for any unexcused absence from his home during curfew hours, his participation in the home detention program was involuntary.... Accordingly, we find that the circumstances of Dedo's home detention clearly indicate that he was in custody.
A private home can be a "place of confinement," if a person is confined there under color of law. See Art. 27, § 136(c)(5). In this case, had appellant left his home in violation of the conditions of home detention, we believe that he could have been prosecuted for escape. Moreover, appellant's home detention document was dated December 13, 1999. Article 27, § 137, which took effect approximately two months before appellant was released on home detention,[1] provides:
(a) In general.A person may not knowingly escape from a place of confinement.
(b) Applicability.1) This subsection applies to a person:
* * *
(ii) Committed to home detention under the terms of pretrial release or by the Division of Correction ... (Emphasis added.)
(2) A person may not knowingly:
(i) Violate any restriction on movement imposed under the terms of ... a home detention order or agreement; or
(ii) Fail to return to a place of confinement under the terms of ... a home detention order or agreement.
(Underlining added). Further, § 137(c) further provides that a violation constitutes the felony of escape in the first degree.
*387 The State does not dispute that appellant was subject to prosecution for escape if he violated the conditions of home detention. It argues, however, that the document describing the conditions of Toney's home detention did not expressly advise him of that fact. Nothing in the statute requires the home detention agreement to include specific information about the penalty for noncompliance, and the omission of that information on the administrative documents does not alter the actual character of the detention.
Appellant was confined to his home with electronic monitoring. Under the terms of his pretrial release, he was unable to leave his home at any time without obtaining permission of an official obligated to report to the court. Had appellant violated his home detention without permission, he could have been prosecuted for escape. To deny appellant credit for time spent under such conditions would contravene the Legislature's intent. Therefore, we conclude that the court erred in denying appellant credit for the 98 days that he spent in home detention before trial.
SENTENCE VACATED.
CASE REMANDED FOR RESENTENCING IN ACCORDANCE WITH THIS OPINION.
COSTS TO BE PAID BY PRINCE GEORGE'S COUNTY.
NOTES
[1] 1999 Md. Laws, ch. 54 and ch. 422 took effect on October 1, 1999. Ch. 54, at 995 and ch. 422, at 2754.