STATE of Wisconsin, Plaintiff-Respondent,

v.

Lee PETTIS, Defendant-Appellant.†

Court of Appeals

*No. 88–1338–CR. Submitted on briefs January 12, 1989.—*
*Decided February 8, 1989.*

(Also reported in 441 N.W.2d 247.)

On behalf of the defendant-appellant the cause was submitted on the briefs of *Donna L. Hintze,* assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the briefs of *Eric P. Guttenberg,* assistant district attorney and *Lennie A. Weber,* district attorney for Racine county, and *Donald J. Hanaway,* attorney general and *Sally L. Wellman,* assistant attorney general.

† Petition to review dismissed.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

NETTESHEIM, J. Lee Pettis appeals from a post-conviction order denying his request for sentence credit. As a condition of bail incident to his earlier appeal, Pettis was required to remain in his home during all non-working hours.[1] Pettis sought credit against his sentence for this home detention. The trial court concluded that Pettis was not in custody for purposes of sentence credit under this bail arrangement. We agree and affirm the order denying the request for sentence credit.

Pettis was convicted of misdemeanor theft as an habitual offender. He was sentenced to eighteen months in prison. Pettis appealed his conviction and was thus entitled to bail as a matter of right. *See* sec. 969.01(2)(b), Stats. Accordingly, the trial court set bail at $2000 cash with the further condition that if Pettis satisfied the cash bond, he was required to remain in his home during all non-working hours.[2]

We affirmed Pettis' conviction in the earlier appeal. *State v. Pettis,* No. 87–1433–CR, unpublished slip op. (Wis. Ct. App. Jan. 20, 1988). Pettis then applied to the trial court for credit against his sentence for 135 days spent under the home detention condition of bail. The court ruled that Pettis' home detention was not

[1]Besides his employment, Pettis was also relieved from the home detention condition in order to receive treatment for his drinking problem. Pettis was monitored under this bail program by the Alternatives to Incarceration Program.

[2]The question of Pettis' bail pending appeal was the subject of a number of hearings in the trial court. We concern ourselves only with the final bail order and the home detention condition of that order.

custody for purposes of sentence credit. Accordingly, the court denied Pettis' request.[3]

Section 973.155(1)(a), Stats., states: "A convicted offender shall be given credit toward the service of his or her sentence for all days spent in custody in connection with the course of conduct for which sentence was imposed." The issue in this case is whether Pettis was "in custody" within the meaning of this statute. This presents a question of statutory construction to which we apply an independent standard of review. *State v. Gavigan,* 122 Wis. 2d 389, 391, 362 N.W.2d 162, 164 (Ct. App. 1984).

Pettis argues that both the Wisconsin Supreme Court and the court of appeals have utilized irregular approaches to the concept of custody when dealing with sentence credit issues. Pettis argues that the supreme court's opinion in *State v. Gilbert,* 115 Wis. 2d 371, 378–79, 340 N.W.2d 511, 515 (1983), recites both the dictionary definitions of custody and that adopted by the Wisconsin Criminal Jury Instructions Committee, without expressly adopting either, in reaching its conclusion that county jail confinement as a condition or probation constituted custody for purposes of sentence credit.[4] Pettis implies that these definitions are in conflict.

---

[3]The trial court did grant Pettis 94 days credit for custody in the county jail pending appeal.

[4]*State v. Gilbert,* 115 Wis. 2d 371, 378, 340 N.W.2d 511, 515 (1983), recited the definition of custody in *Webster's Third New International Dictionary* 559 (1966) as: "guarding, keeping ... 2: judicial or penal safekeeping: control of a thing or person with such actual or constructive possession as fulfills the purpose of the law or duty requiring it: imprisonment or durance ['restraint by or as if by physical force: confinement, imprisonment ...'] of persons." *Gilbert* also referred to the definition of custody in *The Random House Dictionary of the English Language* 357 (1966) as: "2. the keeping or

We disagree. The two definitions of custody alluded to in *Gilbert* essentially contemplate the same thing—physical restraint or control imposed by judicial or legal fiat. We see no inconsistency in *Gilbert's* reference to the various definitions given to custody by the dictionaries or the jury instructions committee.

Pettis offers the same criticism to the court of appeals decisions in *State v. Demars,* 119 Wis. 2d 19, 23, 349 N.W.2d 708, 710 (Ct. App. 1984), which alluded to a dictionary concept of custody,[5] and *State v. Cobb,* 135 Wis. 2d 181, 183-85, 400 N.W.2d 9, 10-11 (Ct. App. 1986), which utilized the jury instructions committee's concept of custody.

Here again we disagree with Pettis that these decisions have sent mixed signals as to the concept of custody. The issues in *Demars* and *Cobb* were notably different. In *Demars* we were not concerned with whether the defendant's confinement constituted custody. It clearly did. Rather, we were called upon to decide whether that custody resulted from a detainer which had been filed against the defendant. *Demars,* 119 Wis. 2d at 22, 349 N.W.2d at 710. Thus, we looked to whether

---

charge of officers of the law ... 3. imprisonment; legal restraint." *Gilbert,* 115 Wis. 2d at 378, 340 N.W.2d at 515.

The Wisconsin Criminal Jury Instructions Committee's special materials suggest that the definition of custody be measured from the escape statute, sec. 946.42, Stats. "If *any part* of the offender's custody status qualifies as 'custody' for the purposes of escape under sec. 946.42, sentence credit should be granted for time spent in such custody." Wis J I—Criminal SM-34A at 11 (emphasis in original).

[5]In *State v. Demars,* 119 Wis. 2d 19, 23, 349 N.W.2d 708, 710 (Ct. App. 1984), we noted the definition of custody in *Black's Law Dictionary* 347 (5th ed. 1979) as, in part, "the detainer of a man's person by virtue of lawful process or authority."

a detainer involved "lawful process or authority" within a dictionary meaning of custody. *Id.* at 23, 349 N.W.2d at 710.

In *Cobb,* however, we were required to directly answer whether the defendant's placement in a drug treatment facility as a condition of probation constituted custodial confinement. *Cobb,* 135 Wis. 2d at 182, 400 N.W.2d at 10. To assist in this determination, we looked to the jury instructions committee's definition. *Id.* at 183–85, 400 N.W.2d at 10–11.[6] This case raises the question of whether Pettis' home detention resulted in custodial confinement. Thus, this is a *Cobb* case and not a *Demars* case.

In *Cobb,* this court agreed with the jury instructions committee that whether a person was in custody, or was "confined" or "locked in at night," was to be determined by reference to Wisconsin's escape statute, sec. 946.42, Stats. *Cobb,* 135 Wis. 2d at 184, 400 N.W.2d at 11.[7] Here, as in *Cobb,* there is no showing that Pettis

---

[6]To the extent that *Gilbert* may have created any uncertainty as to the definition of custody for purposes of sentence credit, this court resolved it by noting that the supreme court in *Gilbert* appeared to approve the reasoning of the jury instructions committee. *State v. Cobb,* 135 Wis. 2d 181, 183, 400 N.W.2d 9, 10 (Ct. App. 1986). The *Cobb* court then went on to apply the jury instructions committee's test to the facts of that case.

[7]The author maintains his concurring position in *Cobb* that the wholesale adoption by the *Cobb* majority of the Criminal Jury Instructions Committee's SM–34A is wrong. The author agrees that custody for purposes of sentence credit should be measured by the concept of custody under the escape statute. The author disagrees with the majority's conclusion in *Cobb* that, in a non-penal setting, custody is measured by whether the offender is "locked in at night." *Cobb,* 135 Wis. 2d at 186–87, 400 N.W.2d at 11–12 (Nettesheim, J., concurring). In the author's opinion, even if Cobb and Pettis had been "locked in at night" and then absconded, neither could be

was "locked in at night" or otherwise confined. *See id.* Nor is there any showing that Pettis was physically detained by an institution, or by any guard or peace officer of such institution. *See id.* at 185, 400 N.W.2d at 11.

Clearly Pettis could suffer certain legal consequences for violating his home detention.[8] However, *Cobb* implicitly rejected the theory that restriction on movement constitutes custody simply because negative consequences can result from failure to obey the restrictions. Therefore, Pettis was not in custody for purposes of the escape statute and he is not entitled to sentence credit for the time spent under the home detention condition of release.

*By the Court.*—Order affirmed.

---

charged with escape unless there was "physical detention by an institution, institution guard or peace officer." *Id.* at 185, 400 N.W.2d at 11 (majority opinion).

[8]These sanctions could be an increase in the amount of bail or the alteration of the conditions of release (sec. 969.08(2), Stats.) or perhaps a further criminal charge for violating a term of the bond (sec. 946.49, Stats.).