562 A.2d 781

William STINCHCOMB

v.

STATE of Maryland.

No. 1723, Sept. Term, 1988.

Court of Special Appeals of Maryland.

Aug. 31, 1989.

Sherrie B. Glasser, Asst. Public Defender (Alan H. Murrell, Public Defender, on the brief), Baltimore, for appellant.

Gwynn X. Kinsey, Jr., Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen. and Stuart O. Simms, State's Atty. for Baltimore City, on the brief), Baltimore, for appellee.

Submitted before GARRITY, ALPERT and BLOOM, JJ.

ALPERT, Judge.

We are called upon to decide whether a trial judge may order "voluntary" commitment to a State mental health

facility as a condition of probation. On January 20, 1987, William Stinchcomb, appellant, pled guilty in the Circuit Court for Baltimore City (Gordy, J., presiding) of assault and battery. The court sentenced appellant to three years imprisonment, suspended the sentence, and placed appellant on probation for five years. One of the special conditions of probation required appellant to attend the Walter P. Carter Community Mental Health and Retardation Center at the University of Maryland Hospital (Carter Center). On June 6, 1988, he was charged with violating his probation. The matter came before Judge Clifton Gordy for a hearing on November 21, 1988. The court found that appellant violated the conditions of his probation, revoked his probation, and reimposed the original sentence. In this appeal, appellant asks the following question:

> Did the trial judge err in concluding that it had no choice but to sentence appellant to a period of incarceration as opposed to imposing a suspended sentence, conditioned upon his admission into an in-patient psychiatric facility?

### Facts

At the probation revocation hearing on November 21, 1988, Dorothy Heim, a senior agent with the Division of Parole and Probation in Baltimore City, testified in detail regarding the specific violations of probation committed by appellant. In particular, she testified that appellant had violated condition 4, which required him to "obey all laws." Specifically, he was convicted on May 20, 1988 of assault and assault with a deadly weapon and was sentenced to one year imprisonment that was suspended in favor of a one-year probation. She further testified that appellant violated condition 10, which required him to attend the Carter Center for outpatient psychiatric treatment, because he failed to show up at the Center for his scheduled appointments. Ms. Heim also testified that appellant had attempted to commit suicide twice since August. She concluded that in her opinion appellant "is a threat to public safety

and also to himself." Appellant did not dispute Ms. Heim's testimony; rather, he admitted to the court that he needs help "real bad" and suggested that the judge order that he be placed in the Carter Center in an inpatient program.

The trial court found that appellant had violated conditions 4 and 10 of his probation. Defense counsel then commented to the court that appellant "certainly needs some sort of treatment." The court noted that it had previously required appellant to attend the Carter Center for treatment, but that he is "either unable or unwilling to accept it and receive it while his assaultive behavior continues. He is a clear and present danger to himself and to the public at large." The court then inquired as follows:

[The Court]: Mr. Ragland, are you aware of any authority that I have to order inpatient treatment in a criminal case at a psychiatric center?

MR. RAGLAND [Defense Counsel]: Your Honor, you alone would not have that authority. I believe that would have to be referred to the medical office and through their discretion if that was the appropriate course I believe they could.

MR. DOAN [Prosecutor]: Your Honor, to my knowledge there is no way to do it.

THE COURT: To mine either. The problem here is the Court's clearly addressed that Mr. Stinchcomb needs special treatment and the system as presently constituted has no facility nor special treatment, no mechanism for special treatment, no avenue to get him there for special treatment. That's the problem.

He is not ill enough to be found not criminally responsible and sent to Perkins. The only other option to him is on probation and have him sent to Walter P. Carter Center and I've already done that.

MR. DOAN: It's clear he's not going to do that. He's dangerous to the community. I don't know what jail or DOC is going to do, other than it's going to keep him from being a danger to the community at least for a while until he gets out.

Following this discussion, the court sentenced appellant to the jurisdiction of the Division of Corrections for a period of three years.

### Voluntary Hospitalization as a Condition of Probation

The nature of probation revocation proceedings is well settled in Maryland. "Probation is a matter of grace, which is in effect a bargain made by the people with the malefactor that he may be free as long as he conducts himself in a manner consonant with established communal standards and the safety of society." *Wink v. State*, 76 Md.App. 677, 680, 547 A.2d 1122 (1988) (*quoting Smith v. State*, 306 Md. 1, 6, 506 A.2d 1165 (1986)). *See also Donaldson v. State*, 305 Md. 522, 531, 505 A.2d 527 (1986); *Matthews v. State*, 304 Md. 281, 292–93, 498 A.2d 655 (1985). Upon a finding of a violation of probation, a trial judge has several options: he may "sentence the person to serve the period of imprisonment prescribed in the original sentence or any portion thereof," or he may suspend the sentence "in whole or in part and the offender may be placed on further probation on terms and conditions the judge deems proper . . . ." Md. Ann.Code, Article 27, § 642 (1987 Repl.Vol.). *See Maus v. State*, 311 Md. 85, 532 A.2d 1066 (1987).

The question whether to revoke probation is a matter within the discretion of the trial court. *Turner v. State*, 307 Md. 618, 626, 516 A.2d 579 (1986). The trial court's determination to revoke probation is reviewable by an appellate court "for purposes of determining whether that discretion has been abused in any way, or whether an erroneous construction has been placed by the trial judge on the conditions of [probation]." *Humphrey v. State*, 290 Md. 164, 168, 428 A.2d 440 (1981) (*quoting Swan v. State*, 200 Md. 420, 426, 90 A.2d 690 (1952)). *See also Turner, supra; Herold v. State*, 52 Md.App. 295, 303, 449 A.2d 429 (1982).

Appellant contends that the trial court's order should be reversed because he abused his discretion in revoking appel-

lant's probation. Appellant asserts that a trial court possessed the authority, pursuant to Md.Ann.Code Article 27 § 641A(a) (1987 Repl.Vol.), to require an individual to obtain inpatient treatment at a psychiatric facility as a condition of probation when the individual agrees to participate in such a program. *See Maus, supra; Herold, supra.* In this case appellant stated that he would be willing to enter such a program; however, according to appellant, the court incorrectly perceived that it lacked the authority to impose such a condition on him and, therefore, simply revoked his probation and reinstated the original sentence to be served in the Division of Correction. The State, on the other hand, argues that the court fully appreciated its power to require appellant to attend a psychiatric treatment facility on an in- or out-patient basis. In fact, the judge had previously ordered that appellant attend the Carter Center as a condition of probation.

Appellant's failure satisfactorily to participate in this voluntary treatment program placed him in violation of probation.[1] Consequently, the State argues, the court acted within its discretion and properly revoked his probation and reimposed the original sentence. The State further argues that the trial court could not grant appellant's request to commit him to the Carter Center as a condition of probation because this type of commitment is equivalent to committing him to imprisonment, and "a court cannot impose imprisonment as a condition of probation." *Maus, supra,* 311 Md. at 104, 532 A.2d 1066.

In *Maus*, the appellant requested that he be permitted to participate in the Second Genesis program as a condition of probation. The trial court granted his request and ordered that one of the conditions of Maus' probation was that he enroll and complete the Second Genesis program. The Court of Appeals ruled that while a trial court

---

1. The State points out that appellant was also in violation of his probation for failing to obey condition 4 which required that he "obey all laws."

cannot impose imprisonment as a condition of probation, residence in a facility such as Second Genesis is not the equivalent of imprisonment, and that Maus' residence at the program not be considered "in custody" within the context of Md.Ann.Code, art. 27 § 638C(a). *Id.* at 104, 532 A.2d 1066. In the same vein, we hold that residence in the Carter Center is similar to that of the Second Genesis residence in *Maus.* In no respect would appellant's residence in the Carter Center constitute being "in custody" within the meaning of Section 638C(a). We recognize that the court cannot order that appellant be committed to the Carter Center, however, the court can make voluntary commitment and continued participation in necessary in-patient therapy a condition of probation.[2] We cannot determine from the record below whether the trial court realized that he could order appellant to commit himself voluntarily to the Carter Center as a condition of probation. Consequently, we shall vacate the judgment below and remand for further proceedings.[3]

---

**2.** *See* Md.Code Ann. art. 27 § 641(a)(1)(i) (1987 Repl.Vol. & 1988 Supp.), which provides in pertinent part:

The terms and conditions may include ordering the person to pay a fine or pecuniary penalty to the State, or to make restitution, but before the court orders a fine, pecuniary penalty, or restitution the person is entitled to notice and a hearing to determine the amount of the fine, pecuniary penalty, or restitution, what payment will be required, and how payment will be made. The terms and conditions also may include any type of rehabilitation program or clinic, or similar program, or the parks program or *voluntary hospital program.*

(Emphasis supplied).

**3.** We are not remanding the case to determine whether appellant violated his probation, as that is undisputed. We are remanding only for the purpose of determining appellant's punishment for violating his probation. When appellant, by his own acts, violated probation, he created the condition that made it possible for the court to revoke his probation and reimpose the original sentence. Because of the special circumstances of this case, however, the court may, in its discretion, modify the terms of his probation and order appellant voluntarily to commit himself to the Carter Center. On the other hand, the court may determine that voluntary commitment at the Carter Center would not be appropriate in this case, and that appel-

JUDGMENT VACATED; CASE REMANDED WITH-
OUT AFFIRMANCE OR REVERSAL FOR FURTHER
PROCEEDINGS NOT INCONSISTENT WITH THIS
OPINION; COSTS TO BE PAID BY MAYOR AND CITY
COUNCIL OF BALTIMORE.

---

lant should serve the remainder of his sentence in the Division of
Correction.