831 A.2d 72

**Wesley Eugene SPRIGGS**

v.

**STATE of Maryland.**

**No. 1943, Sept. Term, 2001.**

Court of Special Appeals of Maryland.

Aug. 28, 2003.

George E. Burns, Jr., Asst. Public Defender (Stephen E. Harris, Public Defender, on brief), Baltimore, for appellant.

Diane E. Keller, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), Baltimore, for appellee.

Argued before MURPHY, C.J., JAMES S., GETTY, (Retired, Specially Assigned) MARVIN H., SMITH, (Retired, Specially Assigned) JJ.

SMITH, J.

Wesley Eugene Spriggs, the appellant, entered an *"Alford* plea"[1] in the Circuit Court for Prince George's County to a charge of homicide while driving under the influence of alcohol. The court sentenced appellant to three years in the Prince George's County Detention Center with all but 18 months suspended in favor of three years probation. Appellant was given 165 days' credit against the unsuspended portion of his sentence for pre-trial incarceration at the county detention center.

Appellant applied for leave to appeal to this Court, and the case was transferred to the appeal docket. Appellant argues that the trial court erred by refusing to give him credit for time spent in privately-monitored home detention prior to trial. We find merit in this argument. Therefore, we shall vacate the appellant's sentence and shall remand the case to the trial court for re-sentencing in accordance with this opinion.

## FACTS

Appellant's conviction stems from a traffic accident that occurred on July 4, 2000. Appellant reportedly ran a red light and struck an on-coming car. A passenger in that car, 73–year old Leola Battle, was killed.

Appellant remained at the scene until a police officer arrived and spoke briefly with the officer. He thereafter fled the scene on foot, however.

---

1. *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) (where, pursuant to a plea agreement, a defendant pleaded guilty to second-degree murder in order to avoid trial on a charge of first-degree murder, which could have resulted in a death sentence). Under this plea a defendant does not admit guilt but recognizes that the state has enough evidence to convict.

Appellant was arrested on July 10, 2000, and was incarcerated at the Prince George's County Detention Center until September 13, 2000, when he was released pending a more complete investigation by the State. Appellant was rearrested and reincarcerated on November 6, 2000. At that time, bail was set at $25,000.00. The court subsequently reduced appellant's bail to $10,000.00 on the condition that appellant arrange for home detention with a private monitoring agency. On February 14, 2001, bail was met and appellant was released to home detention under the supervision of Monitoring Services, Inc.

Appellant remained in privately-monitored home detention through the date of his *Alford* plea on August 29, 2001, and until the date of his sentencing on October 12, 2001. He thus spent a total of 240 days in home detention.

The home monitoring contract was not offered into evidence at the sentence hearing. Appellant's counsel asserted, however:

> Appellant was confined in his home with electronic monitoring. Under the terms of his release he was unable to leave his home at any time without obtaining permission from an official obligated to report to the Court anything that he does.

Counsel indicated that appellant worked outside the home while in home detention and thus was able to support his family. The State did not dispute any of defense counsel's assertions regarding the conditions of appellant's home detention.

## DISCUSSION

In accordance with § 6–218(b)(1) of the Criminal Procedure Article,

> A defendant who is convicted and sentenced shall receive credit against a reduction of the term of a definite or life sentence, or the minimum and maximum terms of an indeterminate sentence, for all time spent in the custody of a

correctional facility, hospital, facility for persons with mental disorders, or other unit because of:

    (i) the charge for which the sentence is imposed; or

    (ii) the conduct on which the charge is based.

Md.Code (2001, 2002 Cum.Supp.), § 6–218(b)(1) of the Crim. Pro. Art.[2]

At the sentencing hearing, appellant's counsel requested that, in addition to the 165 days for time spent in pre-trial detention at the Prince George's County Detention Center, appellant be given credit against his sentence for the 240 days he served in home detention. The trial court refused to give the additional credit, explaining that it did not believe that private "home confinement for which someone else pays and someone has an economic relationship with the person who monitors them is the same as our jail and our county correctional center." The court added that, unlike when a suspect is placed in home detention under the supervision of the county detention center, appellant

> could not have been prosecuted for escape. What would have happened is ... Monitoring Services, Inc. would have written a letter to [the court] saying he is no longer in compliance. [The court] would have issued a bench warrant, revoked the bond and he would have been brought back. He could not have been charged.

Appellant now contends that the trial court erred in concluding, in effect, that although a person in home detention that is monitored by the county is "in custody" and can thus receive credit for time served, a person in home detention that is monitored by a private agency is not. Appellant asserts that, contrary to the trial court's understanding, a person can indeed be prosecuted for escaping from home detention that is privately monitored.

---

**2.** As part of the code revision process, § 6–218 of the Criminal Procedure Article was enacted, effective October 1, 2001, to replace, without substantive change, former Md.Code (1957, 1996 Repl.Vol.), § 638C of Art. 27, which was in effect at the time appellant was in home detention. *See* 2001 Laws of Maryland, Ch. 10.

The State responds that "whether one can be charged with escape lies at the heart of any determination about the award for credit for time served." The State "acknowledges that Maryland's statutory escape provisions do not expressly distinguish between home detention that is monitored by a private entity and home detention monitored by a government entity." It suggests, however, that the parties agreed below that appellant could not have been prosecuted for escape. The State adds that appellant failed to offer into evidence his home detention agreement with Home Monitoring Services, Inc. From this, the State concludes that even if an escape charge could lie when home detention is monitored by a private agency, there was insufficient evidence to support a determination that appellant could have been charged with escape in this particular case.

Preliminarily, appellant did *not* concede below that he could not be prosecuted for escape. Defense counsel specifically argued that appellant *could* have been charged with escape had he left his home without permission. When the trial court expressed disagreement, defense counsel merely presented the following alternative argument:

[B]e it ... home detention ... through the court or through private home detention, it's still considered to be time you're serving. Whether you can be charged with escape or not escape, I don't think escape is the criteria. I think it's home confinement is the criteria.

Moreover, while appellant did not offer into evidence his home detention agreement, the terms of the agreement were not in dispute. As we have indicated, counsel proffered that appellant's activities were electronically monitored, that he was confined to his home unless he had specific permission to leave, that he was granted permission to leave his home in order to work, and that his activities were reported by the monitoring agency to the court. That proffer was not called into question by the State or the court. *Compare Dedo v. State,* 343 Md. 2, 12–13, 680 A.2d 464, 469–70 (1996) (where the Court of Appeals found that "the restraints placed upon [the defendant] while in [pre-trial] home detention clearly

were sufficiently incarcerative to satisfy the custody requirement of [§ 6–218(b)(1) of the Criminal Procedure Article]," where the evidence showed, *inter alia,* that (i) the defendant's "movements and activities were electronically monitored through telecommunications video surveillance equipment," (ii) the defendant was "actually committed to the custody of the Warden" of the Wicomico County Detention Center, (iii) "any violation of the home detention would have resulted in [the defendant's] immediate imprisonment," and (iv) the defendant could have been prosecuted for escape for "any unexcused or unexplained absence from his home during curfew hours"); *Toney v. State,* 140 Md.App. 690, 695, 782 A.2d 383, 387 (2001) (where this Court determined that a defendant was entitled to credit against his sentence for time served in pre-trial home detention during which he was monitored by a unit of the Prince George's County Department of Corrections, and pointed out that although the defendant was not committed to the custody of the warden of the local detention center, (i) the defendant was "confined to his home with electronic monitoring," (ii) the defendant was "unable to leave his home at any time without obtaining permission of an official obligated to report to the court," and (iii) if the defendant "violated his home detention without permission, he could have been prosecuted for escape").

The Court of Appeals has explained that

[a] defendant is not in custody for purposes of [§ 6–218 of the Criminal Procedure Article, formerly § 638C of Article 27] if the conditions of the defendant's confinement do not impose substantial restrictions on the defendant's freedom of association, activity and movement *such that unauthorized absence from the place of confinement would be chargeable as the criminal offense of escape* . . . .

*Dedo,* 343 Md. at 11, 680 A.2d at 469 (emphasis added). We are satisfied that, had appellant left his home without permission during the period of home confinement, he could have been prosecuted for escape.

Section 5–201(b) of the Criminal Procedure Article provides:

> In accordance with eligibility criteria, conditions, and procedures required under the Maryland Rules, the court may require, as a condition of a defendant's pretrial release, that the defendant be monitored by a private home detention monitoring agency licensed under Title 20 of the Business Occupations and Professions Article.

Code (2001), § 5–201(b) of the Crim. Pro. Art.[3] Defense counsel asserted at the sentencing hearing that Home Monitoring Services, Inc. was "licensed by the State of Maryland," and that the State has never disputed this assertion. Under § 20–101(e) of the Business Occupations and Professions Article, a "[l]icensed private home detention monitoring agency" is licensed by the Secretary of Public Safety and Correctional Services "to conduct a business that provides monitoring services for a fee to individuals who are under a court order that requires monitoring by a private home detention monitoring agency." Code (1989, 2000 Repl.Vol.), § 20–101(e) of the Bus. Occ. & Prof. Art.

A person is guilty of escape in the first degree if he or she "knowingly escape[s] from a place of confinement." Code (2002), § 9–404(a) of the Crim. Law Art.[4] Under § 9–401(f)(2) of the Criminal Law Article, "[p]lace of confinement" means, *inter alia,* "a place identified in a home detention order or agreement."[5] Indeed, § 9–404(c)(1)(ii) specifically provides:

---

3. Also as part of the code revision process, § 5–201 was enacted, effective October 1, 2001, to replace without substantive change former Code (1957, 1996 Repl.Vol.), § 616½(k) and (m) of Art. 27, which was in effect at the time appellant was in home detention. *See* 2001 Laws of Maryland, Ch. 10.

4. At the time of appellant's home detention, the prohibition on escape was codified as Code (1957, 1996 Repl.Vol., 2001 Cum.Supp.), § 137 of Art. 27. As part of the code revision process, § 137 was later recodified without substantive change as § 9–404 of the Criminal Law Article. *See* 2002 Laws of Maryland, Chapter 26.

5. At the time of appellant's home detention, § 9–401 was codified, in substantive part, as Code (1957, 1996 Repl.Vol., 2001 Cum.Supp.), § 136 of Art. 27. *See* 2002 Laws of Maryland, Chapter 26.

"This subsection applies to a person who is ... committed to home detention under the terms of pretrial release...." Section 9–404(c)(2) states:

A person may not knowingly:

(i) violate any restriction on movement imposed under the terms of a ... home detention order or agreement; or

(ii) fail to return to a place of confinement under the terms of ... a home detention order or agreement.

The statutory scheme could not be more clear. A court may order home detention, monitored by a licensed private home detention monitoring agency, as a condition of pre-trial release. A place identified in such an order is a place of confinement, and a defendant who violates a restriction on movement or fails to return under a home detention order or agreement may be found guilty of first degree escape.

The trial court erred in refusing to give appellant credit against his sentence for the 240 days he served in home detention prior to trial. We therefore vacate appellant's sentence and remand the case to the trial court for re-sentencing. The 240 days should be applied to the unsuspended portion of appellant's sentence; application of the credits to the suspended portion would appear to amount to an unjustified increase of the original sentence.[6] *See* Code (1974, 2002 Repl.Vol.), § 12–702(b) of the Cts. & Jud. Proc. Art. (prohibiting retaliatory increases in sentences where the conviction is upheld on appeal but the sentence is vacated); *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) (holding that a defendant is denied due process if his or her sentence is increased after a retrial and the increase is designed to punish the defendant for appealing); *Coley v. State,* 76 Md.App. 731, 735–36, 548 A.2d 161, 163–64 (1988) (holding that a trial court improperly re-sentenced a defendant where the court originally imposed a sentence of "life with 15 years of it suspended," the sentence was vacated and remanded for clarification as to

---

6. Nothing in the record before this Court indicates whether appellant was released on an appeal bond or has already served the unsuspended portion of the sentence.

what amount of the sentence was suspended, and instead of clarifying it the trial court re-sentenced the defendant to life without any portion suspended).

SENTENCE VACATED; CASE REMANDED TO THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY FOR RE–SENTENCING IN ACCORDANCE WITH THIS OPINION.

COSTS TO BE PAID BY PRINCE GEORGE'S COUNTY.