*Johnson v. State*
No. 223, September Term 2017
Opinion by Nazarian, J.

**HEADNOTES**

CRIMINAL PROCEDURE ARTICLE SECTION 6-218

A convicted defendant awaiting appeal on an appeal bond while committed to home detention is in "custody" within the meaning § 6-218 of the Criminal Procedure Article where the conditions of the defendant's confinement impose substantial restriction on defendant's freedom of association, activity, and movement such that unauthorized absence from place of confinement would be chargeable as criminal offense of escape pursuant to§ 9-405 of the Criminal Law Article.

CRIMINAL LAW ARTICLE SECTION 9-405

A defendant on home detention may be punished for the crime of escape based on an unauthorized departure from the place of confinement as defined in a home detention order or agreement.

CRIMINAL PROCEDURE ARTICLE SECTION 6-218

The nature and extent of confinement drives a defendant's right to credit under CP § 6-218, not the stage of proceedings.

Circuit Court for Baltimore City
Case No. 114094009-013

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 223

September Term, 2017

_____

MARTEZ JOHNSON

v.

STATE OF MARYLAND

_____

Nazarian,
Arthur,
Zarnoch, Robert A.
     (Senior Judge, Specially Assigned),

JJ.

_____

Opinion by Nazarian, J.
_____

Filed:  March 2, 2018

After a jury trial in the Circuit Court for Baltimore City, Martaz Johnson[1] (formerly a Maryland Transportation Authority Police officer) was convicted of two counts of second-degree assault and misconduct in office. The circuit court imposed sentence and Mr. Johnson was incarcerated. He appealed, then asked the trial court to release him on bond pending appeal, which was granted on condition that he submit to home detention monitoring from a private, court-approved company. He was released from prison and spent nearly sixteen months in home detention before he was released again.

This appeal does not deal with the merits of his convictions, which have now been affirmed by the Court of Appeals. *See Johnson v. State*, No. 6, Sept. Term 2017 (Md. App. Feb. 21, 2018). This opinion deals instead with the question of whether Mr. Johnson should get credit against his sentences for the time he spent in home detention. The circuit court denied his motion for credit on the ground that his home detention didn't qualify as "time spent in the custody of a correctional facility," as § 6-218(b)(1) of the Criminal Procedure Article ("CP") requires. We hold that it did qualify, and we reverse and remand with directions that the court enter an order giving Mr. Johnson credit for time spent in home detention.

## I.  BACKGROUND

Following his conviction for two counts of second-degree assault and misconduct in office, the circuit court sentenced Mr. Johnson to two concurrent terms of ten years in

---

[1] The caption misspells Mr. Johnson's first name as "Martez."

prison for the former charge and a concurrent five years for the latter, with all but eighteen months suspended. He was incarcerated on August 11, 2015, and appealed his convictions.

On November 16, 2015, Mr. Johnson filed a petition asking the court to release him on an appeal bond. The circuit court granted his request but added conditions, among them the requirement that he "obtain[] a court-approved private home detention monitoring company to monitor him." The relevant ordering paragraphs spelled out the conditions more precisely:

> It is hereby ORDERED this 11[th] day of December, 2015 by the Circuit Court for Baltimore City that Martaz Johnson be placed on Home Detention as a condition of: Pre-Trial Release After bail in the amount of $25,000 or real property
>
> To be supervised by Advantage Sentencing Alternative Programs (ASAP Home Detention)
>
> * * *
>
> Under the following conditions: Standard Conditions (Allowed to attend work, counseling, medical appointments, legal/probation/home detention, weekly religious service, school, and seek employment.

On December 14, 2015, Mr. Johnson was released on an appeal bond of $25,000 and placed in home detention, subject to the court's conditions. Mr. Johnson signed a home detention agreement (the "Agreement") with a company called Advantage Sentencing Alternative Programs Inc. ("ASAP"), in which he agreed to be "confined" to his home and subject to twenty-four hour monitoring through a transmitter device. He agreed as well to permit ASAP to install a "home monitoring unit" in his home and to permit members of ASAP's staff to enter his home at any time to install or inspect the equipment and to ensure his compliance with the rules, regulations, and conditions of the program; to submit to

2

random drug urinalysis and breath alcohol testing; and to refrain from using alcoholic beverages and controlled or uncontrolled substances unless prescribed by a physician. The Agreement also put Mr. Johnson on notice that violation of the listed conditions could be considered an escape for which he could be prosecuted:

> I understand that my participation in the [ASAP] Home Detention Monitoring Program is Court Ordered and any violation with [ASAP] will be reported to the Court. I additionally understand that a violation of the home detention order or agreement may be considered an escape and subject to prosecution and imprisonment.

Shortly after this Court affirmed his convictions, Mr. Johnson filed a motion to amend the trial court's appeal bond order. He asked the court to release him from home detention and credit him for the time he served in home detention. After a hearing, the circuit court denied the motion on the ground that a violation of the bond conditions exposed him only to forfeiture of the bond, not to criminal liability for escape:

> As stated earlier, this judge and this judge's law clerk have done extensive research on this issue of -- on the issue of whether a defendant on appeal with an appeal bond with a condition of home detention could get credit for the time served on home detention. And it is the opinion of this Court that this is a case of first impression never having been decided by a Maryland court or by any other court in the nation.

> This Court is . . . very well aware of the decision in Dedo v. State, and one thing I'd like to point out about Dedo, Dedo was actually committed to the custody of the warden of the WCDC, and throughout the period of his home detention was still in that warden's custody. The appeal bond effectively took this Defendant out of the custody of the Division of Corrections. He was in their custody for a period of time for which he certainly should get credit for.

3

Defendant relies on Dedo, also relies on the statute and statutes involving escape. Defendant also relies on <u>Spriggs v. State</u> and <u>Kang v. State</u> . . . In my view, these cases are inapposite. I recognize that the defendant in each of those cases was on a period of home detention. However, those cases do not involve a situation where the defendant is actually free from incarceration. Yes, there is language in Dedo and in Spriggs considering the home to be a place of incarceration or detention whereby the person, the defendant, in that situation could be charged with escape.

It is my view that the consequence of failure to adhere to the conditions of the appeal bond would result only in the potential forfeiture of the security for the appeal bond, but would not and could not result in any legally effective charge of escape. This case is just different from those other cases functionally, and I use the word "functionally" somewhat advisably. The sentence was suspended in a sense, it's out in limbo somewhere until the Court of Appeals acts on the writ of certiorari and either grants it or denies it. But even if it grants it, the Defendant's still on appeal bond until the Court is—Court of Appeals renders a decision.

The Defendant's posture legally does just – does not fit within the logic or rationale of Dedo, Spriggs or Kang in my opinion. For the reasons cited, I deny the motion.

Mr. Johnson filed a timely notice of appeal.

## II. DISCUSSION

This appeal turns on whether Mr. Johnson's time on home detention qualified as "time spent in the custody of a correctional facility."[2] He claims that it did, and therefore

---

[2] Although neither party raised it, we have considered as well whether this issue is appealable in the first instance. This case differs from the others we cite throughout, in that it is a post-conviction, post-sentencing request for credit for time spent in custody.

Where home detention takes place before sentencing, an appeal from the underlying judgment would bring the issue of credit for home detention before us. Here, however, the issue arose later, and after Mr. Johnson had appealed (timely) from his conviction and sentence.

that the trial court erred in denying him credit against his sentences for the time he served on home detention pending appeal.[3] The State counters that he wasn't in "custody" because he wouldn't have been subject to prosecution for escape, and therefore wasn't entitled to credit. We review the trial court's decision *de novo*. *See Gilmer v. State*, 389 Md. 656, 662–63 (2005) ("The construction of [§ 6-218] of the Criminal Procedure Article implicate[s] a *de novo* review.").

### A. Mr. Johnson Was Entitled To Credit For His Time Served In Home Detention.

Mr. Johnson's argument relies on a synthesis of two statutes: CP § 6-218[4] which defines his right to sentence credits, and § 9-405 of the Criminal Law Article ("CR"), which defines the offense of escape.[5] *First*, CP § 6-218 (b)(1) entitles convicted defendants to credit for time spent in the custody of a correctional facility on the charge at issue:

---

Despite the title of Mr. Johnson's motion, he effectively requested credit against his sentence for time spent in home detention. As such, we have treated the circuit court's order denying his motion as a refusal to grant credit for time spent in custody pursuant to CP § 6-218, an order that *is* appealable. *See e.g.*, *Spriggs v. State*, 152 Md. App. 62 (2003) (reviewing an appeal of a trial court's decision to decline defendant's request for credit against time spent in home detention).

This matters now not simply as a jurisdictional question, but also because the Court of Appeals has affirmed Mr. Johnson's convictions, thus bringing front and center the question of whether, and to what extent, he may already have served his sentence.

[3] In his brief, Mr. Johnson phrased the Question Presented as follows: "Did the court err in concluding that Mr. Johnson was not entitled to credit for time spent in home detention while on appeal bond?"

[4] Section 6-218 of the Criminal Procedure Article was enacted, effective October 1, 2001, to replace, without substantive change, former Md. Code Art. 27, § 638C (1957, 1996 Repl. Vol.).

[5] Section 9-405 of the Criminal Law Article was enacted, effective October 1, 2010, to replace, without substantive change, former Md. Code Art. 27, § 137A.

A defendant who is convicted and sentenced shall receive credit against and a reduction of the term of a definite or life sentence, or the minimum and maximum terms of an indeterminate sentence, for all *time spent in the custody of a correctional facility*, hospital, facility for persons with mental disorders, or other unit because of:

(i) the charge for which the sentence is imposed; or

(ii) the conduct on which the charge is based.

Md. Code Ann., Crim. Proc. (2002, 2012 Repl. Vol.), § 6-218(b)(1) (emphasis added).

Section 6-218 was enacted "to ensure that a defendant receive as much credit as possible for time spent in custody as is consistent with constitutional and practical considerations." *Fleeger v. State*, 301 Md. 155, 165 (1984). The key feature of custody, though, is the defendant's exposure to criminal prosecution for escape if he were to leave the site of his detention. In *Maus v. State*, 311 Md. 85 (1987), the Court of Appeals considered the meaning of the phrase "in the custody of any state, county or city jail, correctional institutions, hospital, mental hospital or other agency"[6] in the context of a defendant who spent time, as a condition of probation, in a residential drug treatment program. The Court held that the defendant was not "in custody" for purposes of the statute because the program merely provided supervision, and that credit should be awarded for time in drug treatment facilities when the defendant "is civilly committed to the treatment facility *and when, in cases of unauthorized departure, he or she is guilty of the crime of escape*." *Maus*, 311 Md. at 103 (emphasis added). And in that case, the trial court could

---

[6] This language has since been amended and recodified as § 6-218 of the Criminal Procedure Article.

6

not have committed the defendant to the facility nor imposed imprisonment as a condition of the defendant's probation. *Id.*

Similarly, in *Balderston v. State*, 93 Md. App. 364 (1992), we rejected a claim that *voluntary* home detention, requested by the defendant as a condition of probation, qualified as "custody" under § 6-218 because that defendant's conditions allowed him freedoms inconsistent with the term:

> [V]oluntary home detention, a situation in which a defendant can leave his home to go to work, and has freedom of movement and association within his home, cannot be considered "custodial," or the equivalent of custody. On the contrary, the reason appellant requested that he be permitted to participate in home confinement is because it is *not* the equivalent of custody, *i.e.*, he could tend to his responsibilities and maintain his job.

*Id.* at 370. We noted there that the Court of Appeals had construed the term "custody" in *Maus* to mean "incarcerative custody, not mere supervision. That is, the custody had to be *involuntary* and pursuant to a court commitment to a public institution." *Id.* at 368 (quoting *Maus*, 311 Md. at 101). We limited our holding to the particular facts of the case, relying heavily on the fact that the defendant—not the court—had requested placement in a home confinement program. *Id.* at 370.

This case is distinguishable from *Maus* and *Balderston*. Although Mr. Johnson requested release pending appeal, the court ordered him into home detention, not a residential drug treatment center as in *Maus*. Unlike the defendants in *Maus* and *Balderston*, his home detention was involuntary, and he was not on probation—he had been convicted.

7

Instead, this case fits more closely with *Dedo v. State*, 343 Md. 2 (1996). There, the Court of Appeals held that a defendant was entitled to credit for time spent prior to trial in a home detention program. The Court found the set of restraints on this defendant "sufficiently incarcerative" to qualify as custody, and distinguished the case from *Maus* and *Balderston*, because the defendant could be punished for escape if he left:

> Where a defendant is punishable for the crime of escape for an unauthorized departure from the place of confinement, the custody requirement of [§ 6-218 of the Criminal Procedure Article, formerly § 638C of Article 27] is met." A defendant is not in 'custody' for purposes of [§ 6-218 of the Criminal Procedure Article, formerly § 638C of Article 27] if the conditions of the defendant's confinement do not impose substantial restrictions on the defendant's freedom of association, activity and movement *such that unauthorized absence from the place of confinement would be chargeable as the criminal offense of escape….*

*Dedo*, 343 Md. at 11 (emphasis added). The Court also cited two advisory opinions by the Attorney General of Maryland. *Id.* at 13–14. In 1991, shortly after the *Maus* decision, the Attorney General observed that a person on home detention is incarcerated in a local detention center in the sense that the prisoner's home can be said to be an extension of the local detention center, thus making the home a "public institution" for that purpose. *Corrections: Reimbursement for Inmates in Home Detention Programs*, 76 Md. Op. Att'y Gen. 110, 113 (1991).[7] Three years later, after *Balderston*, the Attorney General opined that "[a]n inmate on post-conviction home detention is in the custody of the Division of

---

[7] The opinion also stated that "a person in home detention is 'incarcerated.' The surroundings may be far more congenial than a jail cell, but the significant element of physical restraint remains." *Id.*

8

Corrections pursuant to a court order, and, upon violation of a condition of home detention, may be remanded to prison." *Corrections: Entitlement to Sentence Credit for Time Served on Pre-Trial Home Detention*, 79 Md. Op. Att'y Gen. 76, 81 (1994).

The specific terms of Mr. Dedo's home detention differed from those in *Maus* and *Balderston* as well, and in ways that rendered his home confinement more like custodial incarceration. The Court placed particular emphasis on the facts that: (1) the home detention contract characterized Mr. Dedo's confinement as incarceration; (2) Mr. Dedo could have been charged with escape under § 6-218 for any unexcused or unexplained absence from his home during curfew hours; (3) he was subject to the control of the warden and home detention staff; (4) any violation of the home detention would have resulted in immediate imprisonment; (5) his movements and activities were monitored electronically; (6) he was required to permit home detention staff to enter his home at any time to inspect/install the monitoring equipment; and (7) he was restricted from possessing or consuming alcoholic beverages, and was subject to random urinalysis and breath alcohol testing. *Dedo*, 343 Md. at 12–13.

Mr. Johnson argues that his confinement imposed "substantial restrictions on [his] freedom of association, activity and movement." And it did. Under the terms of the Agreement, Mr. Johnson, like Mr. Dedo, was confined to his home subject to the curfew schedule set by ASAP. He could be reported to the trial court for any violation of the Agreement and, more significantly, could be charged with escape under CR § 9-405. His movements were monitored electronically twenty-four hours a day via an ankle transmitter device, in addition to a home monitoring unit installed in his home, and he was required to

9

permit ASAP staff to enter his home to install or inspect the equipment. He was not permitted to use alcoholic beverages and controlled or uncontrolled substances, unless prescribed by a physician, and was subject to random drug urinalysis and breath alcohol testing.

At the motions hearing and in its brief, the State argued, and the trial court agreed, that Mr. Johnson would not be subject to prosecution of escape if he violated the conditions of his home detention:

> THE STATE: [I]f Mr. Johnson were to or would he have run away from his house, he would not have been arrested and prosecuted for escape. The home monitoring people would have called Your Honor, would told you he aflighted from his house, you would have issued, essentially, a contempt of court because he violated --
>
> THE COURT: No, I would have
>
> THE STATE: -- your conditions.
>
> THE COURT: -- issued an arrest warrant. I've been there before.
>
> THE STATE: Or an arrest warrant. But that arrest warrant would not be prosecutable for escape.
>
> THE COURT: Yeah.

But this is where CR § 9-405 comes in: according to the terms of the Agreement and the statutory definition of escape, Mr. Johnson *could* be prosecuted for escape if he violated the terms of the Agreement. A person is guilty of escape in the second degree if he or she "knowingly depart[s] from custody" without authorization. CR § 9-405(a)(1). Section 9-405(a)(3)(ii) prohibits a person from escaping from "a place identified in a home

10

detention order or agreement." Indeed, § 9-405(b)(1)(iii) specifically "applies to a person who is committed to home detention by the court." And § 9-405(b)(2) extends liability to violations of conditions in home detention agreements as well:

A person may not knowingly:

> (i) violate any restriction on movement imposed under the terms of a . . . home detention order or agreement;

> (ii) fail to return to a place of confinement under the terms of . . . home detention order or agreement.

CR § 9-405(b)(2).

This case may be the first to address home detention as "custody" for a convicted defendant awaiting appeal, but the notion that home detention can be custody is nothing new. We held in *Toney v. State*, for example, that a defendant was entitled to credit against time served in home detention because he was (i) "confined to his home with electronic monitoring," (ii) "unable to leave his home at any time without obtaining permission of an official obligated to report to the court," and (iii) could have been prosecuted for escape if he were to violate his home detention. 140 Md. App. 690, 695 (2001). Similarly, in *Spriggs v. State*, citing the same statutory language, we held that a defendant detained at home is "in custody" for the purpose of § 6-218 and is entitled to credit for time served in custody because he can be prosecuted with escape:

> A court may order home detention, monitored by a licensed private home detention monitoring agency, as a condition of pre-trial release. A place identified in such an order is a place of confinement, and a defendant who violates a restriction on movement or fails to return under a home detention order or agreement may be found guilty of [second] degree escape.

11

152 Md. App. 62, 69 (2003). And "[a]lthough the Court of Appeals found that particular form of commitment [in *Dedo*] incarcerative, it did not rule out that other forms of supervision might also be incarcerative." *Toney*, 140 Md. App. at 693–94.

For those reasons, we disagree with the State that the "consequence of violation of the conditions of the appeal bond would have been forfeiture, not prosecution for escape." Mr. Johnson's agreement with ASAP states that any violation of the home detention order or the terms of the agreement "may be considered an escape and subject to prosecution" in addition to being reported to the court. And even if it didn't include that language, *Toney* disengaged the possibility of liability for escape from the terms of the home detention agreement. 140 Md. App. at 695. And in *Spriggs*, we didn't consider the agreement at all. What matters is whether a defendant can be prosecuted for escape, and Mr. Johnson could have been.

The State also contends that we can't rely on the terms of the ASAP Agreement because it was not "submitted to the lower court," as required by Md. Rule 8-414(a).[8] It's not obvious from the circuit court record that this is true, but assuming that it wasn't and that we couldn't consider it in our decision, the outcome is the same. The State did not dispute the terms of the agreement at the motions hearing. Mr. Johnson's counsel proffered that his client's activities were monitored electronically, that he was confined to his home unless he had permission, that he was granted permission from the court only to attend

---

[8] Mr. Johnson filed an unopposed Motion to Supplement the Record with the home detention agreement to this Court on July 25, 2017. We granted that motion on August 9, 2017, so the ASAP Agreement is part of the record on appeal.

work and church services and meet with his attorney, and that all of these activities required additional permission from ASAP. The State did not object to that proffer, and the court accepted it. Mr. Johnson was confined to his home with twenty-four hour electronic monitoring. He, as in *Dedo*, was allowed to leave his home only for the activities approved in the court order. And unlike the defendants in *Maus* and *Balderston*, Mr. Johnson did not request to be placed in home detention—the court, in exercise of its discretion, ordered him to home detention with ASAP as a condition of his appeal bond.

The State draws the same distinction between pre-trial release and post-trial release as the trial court, arguing that because Mr. Johnson was released on appeal bond, his case is factually different from *Dedo*, *Spriggs*, *Toney*, and *Kang v. State*, 163 Md. App. 22 (2005), in which we held that a defendant released to home detention on bond before trial and required to wear an ankle bracelet and "24/7 curfew" except for work, court, and meeting with his attorney was entitled to credit for his time served on home detention. But the difference is purely a matter of posture, not confinement. It's the nature and extent of confinement that drives a defendant's right to credit under CP § 6-218, not the stage of the proceedings, and the conditions of Mr. Johnson's confinement qualified as "custody" for these purposes.

> **JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY REVERSED, CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. MAYOR AND CITY COUNCIL OF BALTIMORE TO PAY COSTS.**